FILED
2015 Jul-31  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE ASSOCIATION, )
)
)
     Plaintiff, )
)
v. )    Case Number:
)    2:15-cv-0798-JEO
)
PENNY LYNN MORRIS and TYLER MORRIS, )
)
)
     Defendants, )

_____

PENNY LYNN MORRIS, )
)
     Counter-Plaintiff, )
)
v. )
)
WELLS FARGO BANK, N.A., )
)
     Counter-Defendant. )

## MEMORANDUM OPINION

This action originally filed in the Circuit Court of Jefferson County,

Alabama, Bessemer Division, was removed to this court pursuant to 28 U.S.C. §§

1441 and 1446 by Wells Fargo Bank, N.A. ("Wells Fargo"), which the parties

dispute to be either a "counter-defendant" or a "third-party defendant."  (Doc.[1] 1).

The case was assigned to the undersigned United States Magistrate Judge pursuant

to the court's General Order of Reference dated January 1, 2015.  The parties have

consented to an exercise of plenary jurisdiction pursuant to 28 U.S.C. § 636(c),

FED. R. CIV. P.  73, and LR 73.2.  The cause now comes to be heard on a motion to

remand filed by Defendants Penny Lynn Morris ("Penny") and Tyler Morris

("Tyler") (collectively the "Morrises").  (Doc. 7).  Upon consideration, the court

concludes that the motion to remand is due to be granted.

## I.

This action was initiated on November 13, 2014, when Federal National

Mortgage Association ("Fannie Mae") filed a complaint against Penny in the state

court.  (Doc. 1-1 at 2-11).  In its pleading, Fannie Mae pursued an ejectment cause

of action under Alabama law, asserting a right to take possession of certain real

property from the defaulting borrower, Penny, after Fannie Mae had purchased the

property on October 22, 2014, at a foreclosure sale from Wells Fargo, the owner of

the mortgage.  (*Id.* at 2-3); *see also generally* ALA. CODE § 6-6-280.  Fannie Mae

---

[1]Citations herein to "Doc(s). ____" are to the document number of the pleadings, motions, and other materials in the court file, as compiled by the clerk of the court and designated on the docket sheet in the court's Case Management/ Electronic Case Files ("CM/ECF") system.  Unless otherwise noted, pinpoint citations are to the page of the electronically filed document, which may not correspond to pagination on the original "hard copy."

also sought damages for the wrongful retention of the property and an order declaring that Penny had forfeited the right to redeem. (*Id.* at 3). Shortly thereafter, Fannie Mae filed an amended complaint that named Tyler as an additional defendant, alleging that he too was unlawfully occupying the premises. (Doc. 1-1 at 13).

The Morrises, acting through counsel, filed an Answer. (Doc. 1-2 at 33-35). Later, on May 10, 2015, the Morrises' counsel filed a pleading styled as an "Amended Answer and Counterclaim," on behalf of either Penny alone or perhaps both Morrises.[2] (Doc. 1-2 at 114-133). It was acknowledged therein that Penny had executed a mortgage on the property in May 2004, but she claimed that at the time of the foreclosure sale in October 2014, Fannie Mae was already the owner of the mortgage and that Wells Fargo was merely the loan servicer. (*See id.* at 119, ¶¶ 5-7). Penny further claimed that the foreclosure proceedings were actually initiated by Wells Fargo and that because it did not itself own the mortgage, Wells

_____

[2]Whether the "Amended Answer and Counterclaim" was filed by just Penny or by both Morrises is a muddled question. The introductory paragraph of the pleading states that it is filed only by "Penny Morris, by and through her attorney of record." (Doc. 1-2 at 114). Penny is likewise identified in the "Counterclaim" section of the pleading as the sole "Defendant/Counter-Plaintiff." (*Id.* at 118, ¶ 2). However, some denials, admissions, and allegations in the "Answer" section of the pleading are made on behalf of "Defendants" (*see, e.g., id.*, at 114-115, ¶¶ 1, 2, 3, 4), while others reference only a single "Defendant." (*See, e.g., id.* at 116, ¶¶ 1-6). Ultimately, whether the "Amended Answer and Counterclaim" was technically filed on behalf of Penny alone or on behalf of both Morrises is immaterial to the resolution of the motion to remand.

lacked legal authority to foreclose, thereby rendering wrongful both the foreclosure itself and any ostensible purchase of the property by Fannie Mae at the foreclosure sale. (*Id.* at 119-20, ¶¶ 8-10, 13-16).

In the "Counterclaim" section of the pleading, under the heading of "Parties," Penny is identified as the sole "Defendant/Counter-Plaintiff." (*Id.* at 118, ¶ 1). Also, while the pleading is styled as including a "Counterclaim," it does not formally name the plaintiff to the original suit, Fannie Mae, as a defendant to any claim or counterclaim. Rather, the pleading identifies Wells Fargo as the only "Plaintiff/Counter-Defendant" (*id.* at 118, ¶ 2), notwithstanding that Wells Fargo was not previously a party to the litigation. (*See also id.* at 119, ¶ 10 (stating that "*Plaintiffs* filed an ejectment suit against Morris," apparently referencing both Fannie Mae and Wells Fargo (emphasis added)); *id.* at 1-2, ¶ 3 ("Defendants plead that any recovery that might be available to the plaintiff must be *offset* by any recovery the Defendants might be entitled as a result of her counter-claim." (emphasis added)).

As to the substance of her "Counterclaim," Penny seeks to recover against Wells Fargo under both Alabama law and federal law. Her state law claims raise a host of theories: negligence, wantonness, unjust enrichment, wrongful foreclosure, slander of title, breach of contract, fraud, false light, defamation, unfair and

deceptive trade practices, and breach of the covenant of good faith and fair dealing.  These claims are all based upon allegations that Wells Fargo engaged in malfeasance in connection with its servicing the mortgage loan as it related to the collection and application of payments and fees, the giving of required notices, making misstatements regarding the status of the loan, declaring a default, conducting the foreclosure, and disseminating false or misleading of information to credit bureaus and others about the default and foreclosure.  (*See* Doc. 1-2, "Counterclaim" ¶¶ 19, 32, 38, 42-43, 46, 50-55, 58, 68, 74).  Penny also raises claims against Wells Fargo arising uder federal law for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  Penny's FDCPA count cites 15 U.S.C. §§ 1692e(2) and (8) and 1692f(1) as its statutory basis.  (Doc. 1-2, "Counterclaim" ¶¶ 62-64).  While the shotgun nature of the pleading, *see generally Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006), makes it difficult to identify the specific theory underlying those claims, they seem to be based upon incorporated allegations that Wells Fargo made misstatements to Penny about the status of the loan, wrongfully foreclosed, and/or wrongfully reported the foreclosure sale to national credit bureaus.  (*See id.* ¶¶ 11,

5

19, 32, 58, 62).  Her RESPA claim, by contrast, is based expressly upon an alleged failure by Wells Fargo to acknowledge or respond to her "qualified written request" regarding the status of her loan, sent by certified mail on October 15, 2014.  (*See* Doc. 1-2, "Counterclaim" ¶¶ 91-92); *see also* 12 U.S.C. § 2605(e).  Finally, Penny claims that Wells Fargo is liable under TILA for violating 15 U.S.C. §§ 1632(a), 1632(b), 1638(a), and 1605, for allegedly failing to provide proper notices and disclosures and for allegedly charging fees not authorized by the mortgage contract.  (Doc. 1-2 at 128-30).  On her various state and federal claims, Penny seeks compensatory and punitive damages; a declaratory judgment setting aside the foreclosure sale, voiding the foreclosure deed, and declaring her the rightful owner of the property; as well as an award of court costs and attorney fees.  (*Id.* at 131-32; *see also id.* at 118, ¶ 3).

On May 15, 2015, Wells Fargo removed the action to this court citing 28 U.S.C. §§ 1441(a) and (c), invoking this court's jurisdiction under 28 U.S.C. § 1331 based on the federal claims Penny raised against Wells Fargo in her "Counterclaim."  (Doc. 1).  Fannie Mae consented to the removal.  (*Id.* at 2; Doc. 1-3).  On June 11, 2015, the Morrises filed their instant motion to remand pursuant to 28 U.S.C. § 1447(c), arguing that Wells Fargo is not a "defendant" authorized to remove under § 1441.  (Doc. 7).  Wells Fargo filed a response in opposition.

(Doc. 11).  The Morrises then filed a reply.  (Doc. 15).  The motion to remand is thus ripe for decision.[3/]

## II.

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994).  This case involves the court's removal jurisdiction, which is related to but technically distinct from subject-matter jurisdiction.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004). Removal jurisdiction is purely statutory in nature.  *Finn v. American Fire & Cas. Co.*, 207 F.2d 113, 115 (5th Cir. 1953)[4/].  The general removal statute, 28 U.S.C. § 1441, provides:

> Except as otherwise expressly provided by Act of Congress, any civil
> action brought in a State court of which the district courts of the

---

[3/]After the Morrises moved to remand, Wells Fargo and Fannie Mae filed a joint motion seeking dismissal of all claims in the "Amended Answer and Counterclaim" under FED. R. CIV. P. 12(b)(6). (Docs. 17, 18).  The court subsequently granted a motion by the Morrises to stay consideration of that motion until after the court resolves the motion to remand.  (Docs. 19, 20).  *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("A federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court."); *Horton v. United Food & Commercial Worker's Union*, 2012 WL 4815567, at *4 (N.D. Ala. Oct. 5, 2012) ("When confronted with a plaintiff's motion to remand and a defendant's motion to dismiss, the better practice is to rule first on the motion to remand and, if granted, to then remit the motion to dismiss to the state court" (citing *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959)).

[4/]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

> United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Wells Fargo has removed based, at least in part, upon that statute (*see* Doc. 1 at 3) in conjunction with the "federal question" statute, 28 U.S.C. § 1331, under which the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  On that score, it is well established that where a plaintiff's "well-pleaded complaint" filed in state court asserts a claim "arising under" a federal statute, the defendant to that claim is generally entitled to remove the action to federal court under § 1441(a).  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Wells Fargo has also invoked 28 U.S.C. § 1441(c) as authorizing its removal.  (Doc. 1 at 6.)  That subsection, as amended effective January 6, 2012, *see* Federal Courts Jurisdiction & Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 759, Title I, § 103(a) (2011), contains the following additional provisions related to removal where federal-law claims are joined with state-law claims:

**(c) Joinder of Federal law claims and State law claims.--**

    **(1)**  If a civil action includes--

        **(A)**    a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

        **(B)**    a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

    **(2)**  Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.  Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c).

Under this provision, where a claim arising under federal law is included in a civil action with a claim that is made nonremovable by statute, *see* 28 U.S.C. § 1445, or that is not within the original or supplemental jurisdiction of the district courts, § 1441(c) makes clear that the entire action is subject to removal but further commands that the district court must sever and remand all claims that are made non-removable or are outside of its original or supplemental jurisdiction.

*See WGB, LLC v. Bowling*, 18 F. Supp. 3d 1288, 1296 (N.D. Ala. 2014); *also cf.*
*Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (holding that
presence of claim barred by the Eleventh Amendment did not prevent district court
from hearing other claims arising under 42 U.S.C. § 1983 that were otherwise
removable); *Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000) (holding that
claim arising under the Americans with Disabilities Act was properly before the
district court upon removal but claim arising under the Alabama Workers'
Compensation Act was nonremovable under § 1445(c) and should have been
remanded to state court).  Under the doctrine of supplemental jurisdiction,
referenced in § 1441(c)(1)(B), federal district courts are authorized to hear claims
that are not themselves within their original jurisdiction but are "so related to
claims within such original jurisdiction that they form part of the same case or
controversy under Article III of the United States Constitution."  28 U.S.C. §
1367(a).  Finally, unlike removals authorized solely by § 1441(a), which require
unanimous consent of all defendants properly named and served, *see* 28 U.S.C. §
1446(b)(2)(A), removals authorized under § 1441(c) require joinder or consent
only from defendants to federal-law claims.  28 U.S.C. § 1441(c)(2); *LaGrant v.*
*U.S. Bank Nat. Ass'n*, 2015 WL 1208967, at *3 (E.D. Va. Mar. 16, 2015).

  In support of their motion to remand, the Morrises argue that Wells Fargo

was not authorized to remove on the theory that it was not a "defendant" for purposes of § 1441(a).  Again, that statute provides in relevant part that a civil action filed in state court may be removed to federal court "by the defendant or the defendants."  *See also* 28 U.S.C. § 1446(a) (similarly providing that a removal is effected when "a defendant or the defendants" file a notice of removal in the appropriate federal district court).  Federal law, not state rules or practice, determines who is a "defendant" authorized to remove under § 1441(a).  *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  *City of Vestavia Hills*, 676 F.3d at 1313 (quoting *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).  Consistent with that principle, it is long established that the term "defendant" in § 1441(a) does not encompass a plaintiff who files in state court and is later named in that action as a counter-defendant, *i.e.*, a defendant to a counterclaim raised by an original defendant.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *FDIC v. S & I 85-1, Ltd.*, 22 F.3d  1070, 1072 (11th Cir. 1994).

11

Wells Fargo emphasizes, though, that it was not a plaintiff to the state court ejectment action, a fact the Morrises now acknowledge.  (*See* Doc. 7 at 3).  Rather, Wells Fargo highlights that it was brought into this litigation only as a defendant vis-á-vis claims asserted by Penny in the "Amended Answer and Counterclaim." As such, Wells Fargo maintains that it is a "newly added defendant" authorized to remove under § 1441.  (Doc. 11 at 4).

In support of this theory, Wells Fargo relies heavily upon a decision of the former Fifth Circuit, *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980).  In that case, one Louisiana citizen ("Heck") sued another, a local parish government ("parish"), in Louisiana state court on a state-law claim for breach of contract.  *Id.* at 134.  The parish, in turn, asserted a third-party claim against a non-resident insurer (Maryland Casualty Company ("Maryland")) seeking a defense and indemnity on Heck's claim.  *Id.* at 135. Based upon the existence of diversity jurisdiction over the third-party claim against it, Maryland removed the action under a former version of § 1441(c), which provided as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise

within its original jurisdiction.

*Id.* Following removal, the district court granted Maryland's motion to sever and remand to state court Heck's claim against the parish (over which there was no original jurisdiction due to a lack of diversity) and denied the parish's motion seeking remand as to the entire action. *Id.* After the district court granted summary judgment for Maryland on the third-party claim, the parish appealed, arguing, among other things, that because Maryland was a third-party defendant the removal was improper, requiring remand of the entire case. 622 F.2d at 134-35. The Fifth Circuit disagreed, holding that the district court's resolution of the removal and remand issues was authorized under § 1441(c). *Id.* at 135-36. In particular, the court of appeals interpreted § 1441(c) to allow removal by a third-party defendant "if the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court." *Id.* at 136. The court found this the "more rational view" than the one that admittedly had been espoused by some other courts and by Professor Moore's treatise, which would uniformly prohibit third-party defendants from removing under § 1441(c). *Id.* at 135. The court then proceeded to find that the third-party claim against Maryland for defense and indemnity, over which the district court had diversity jurisdiction, was sufficiently "separate and independent" from

13

Heck's original contract claim, over which no original jurisdiction existed because of a lack of diversity, thereby allowing Maryland to remove under § 1441(c).  *Id.* at 136; *see also Marsh Inv. Corp. v. Langford*, 652 F.2d 583, 584 (5th Cir. Unit A August 1981) (relying on *Carl Heck* in summarily upholding a § 1441(c) removal by third-party defendant underwriters).

To the extent that it is on point and has not been abrogated, *Carl Heck* is binding on this court.[5]  Nonetheless, it is uncertain what role, if any, that decision might play here.  For starters, the removal statute upon which *Carl Heck* expressly relied, § 1441(c), has been amended not once but twice, first in 1990 and then again in 2011.  *See* Judicial Improvements Act of 1990, Pub.L. No. 101-650 § 312, 104 Stat. 5089, 5114 (1990)[6]; Federal Courts Jurisdiction & Venue Clarification

---

[5]The Morrises state that "*Carl Heck Engineers* has been the subject of nearly universal criticism from other federal courts."  (Doc. 15 at 5).  Even if true, however, that is neither here nor there; this court's obligation to follow a decision of the former Fifth Circuit exists irrespective of what other federal district or circuit courts (or even what the undersigned himself) might think of the decision's reasoning.  *See Bonner*, 661 F.2d at 1207; *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010); *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001); *Sassy Doll Creations, Inc. v. Watkins Motor Lines, Inc.*, 331 F.3d 834, 840 n.1 (11th Cir. 2003).

[6]Following the 1990 amendment, § 1441(c) read:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (1991); *see also Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1001 (5th Cir.

Act of 2011, Pub.L. 112–63, 125 Stat. 759, Title I, § 103(a) (2011).  Where a prior panel's decision was based on legislation that has been materially amended or repealed, such a change may justify a departure from the panel decision.  *See Sassy Doll Creations, Inc. v. Watkins Motor Lines*, 331 F.3d 834, 840 (11th Cir. 2003); *United States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999); *United States v. Romeo*, 122 F.3d 941, 942 (11th Cir. 1997).  To that end, *Carl Heck* has clearly been abrogated by subsequent amendments in at least one respect: As it exists today, as well as following the 1990 amendment, § 1441(c) only applies to removals based on federal-question jurisdiction under § 1331, so it could no longer authorize the particular removal in *Carl Heck*, which was founded upon diversity jurisdiction under 28 U.S.C. § 1332(a).  *See Bowling*, 18 F. Supp. 3d at 1294; *The Mobile Washington* (*MOWA*) *Band of The Choctaw Indian Tribe v. Sunbelt Res., Inc.*, 649 F. Supp. 2d 1325, 1330 (S.D. Ala. 2009).  Nonetheless, that does not necessarily preclude an application here of *Carl Heck*'s principle that a third-party defendant may be authorized to remove, at least under § 1441(c), insofar as Wells Fargo removed this action based upon federal-question jurisdiction, not diversity.  *See Bowling*, 18 F. Supp. 3d at 1294.

---

2008).  That remained the text of § 1441(c) until the most recent amendment in 2011, which took effect on January 6, 2012.

However, the 2011 amendment to § 1441(c) also omitted the language conditioning its application on the presence of "a separate and independent claim or cause of action" that would otherwise render the action subject to removal that is "joined with one or more otherwise non-removable claims or causes of action." *See Bowling*, 18 F. Supp. 3d at 1297. In the seminal decision on the "separate and independent" requirement, the Supreme Court ruled that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). Now, however, the statute authorizes removal when "a civil action includes" both a removable federal claim and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." 28 U.S.C. § 1441(c). Despite that change, both sides curiously proceed as if § 1441(c) still contained the "separate and independent claim" language. (*See* Doc. 7 at 11-12; Doc. 11 at 4-5). Indeed, some district courts have suggested that the "separate and independent" standard still applies to assess removability under § 1441(c), on the theory that the current statutory language is merely a repackaging of the same requirement. *See FDIC ex rel. Colonial Bank v. Banc of Am. Funding Corp.*, 2013 WL 3968017, at *2 & n.6 (M.D. Ala. Aug. 1, 2013). To

16

be sure, the language of the former statute requiring a "separate and independent" removable claim or cause of action and the current version requiring a civil action that includes both a removable federal claim and another "claim not within the original or supplemental jurisdiction of the district court" both invoke notions of a removable claim that is "unrelated" to another claim.  *See* H.R. Rep. No. 112-10, 12, 2011 U.S.C.C.A.N. 576, 580 (House Report clarifying that amended § 1441(c) applies to "the adjudication of separate Federal law claims that are joined with unrelated state law claims"); 14B C. Wright, A. Miller, et al., *Fed. Prac. & Proc.* § 3722.3 (4th ed.) (hereinafter "Wright & Miller") (recognizing that "there will be considerable overlap" between cases removable under former § 1441(c)'s "separate and independent" claim requirement and under the current version of the statute).  Likewise, the Supreme Court has also recognized that claims are not "separate and independent" for purposes of former § 1441(c) if they fell within what was then known as "pendent" jurisdiction, one of the doctrines later subsumed within supplemental jurisdiction under § 1367, *see City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997), which existed when claims were "derived from a common nucleus of operative fact" and were against the same party as another claim over which the district courts had original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988); *see also United*

*Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 725 (1966).

Ultimately, however, given that the "separate and independent claim or cause of action" language had appeared in the statute issue since 1948, *see Finn*, 341 U.S. at 9, and survived the 1990 revision, it stands to reason that Congress intended the omission of the phrase in the 2011 amendment to alter or at least clarify in some fashion the standard for removal under § 1441(c). *See Bowling*, 18 F. Supp. 3d at 1297. To that end, however the phrase "separate and independent claim" might have been interpreted by the courts, the plain language of § 1441(c) now calls for an examination of whether a civil action includes (1) a removable federal claim, § 1441(c)(1)(A), and (2) another claim that either (a) is not within the original or supplemental jurisdiction of the district court or (b) is made nonremovable by statute, § 1441(c)(1)(B). Penny's claims against Wells Fargo based on the FDCPA, RESPA, and TILA arise under federal law and are not made nonremovable by statute. *See Hayes v. Bank of New York Mellon*, 592 F. App'x 891, 892 (11th Cir. 2015); *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011). Accordingly, for § 1441(c) potentially to apply, assuming for the sake of argument that it could authorize a removal initiated by a "newly added defendant" like Wells Fargo, the removed action must have included one or more claims that are outside of this court's supplemental jurisdiction.

18

Again, under the supplemental jurisdiction statute, district courts can entertain claims that are not themselves within the court's original jurisdiction but are "so related to claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  This language authorizes a court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III, *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006), and confers jurisdiction "over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006); *see also Int'l College of Surgeons*, 522 U.S. at 164-65.  The statute further recognizes that supplemental jurisdiction extends to "claims that involve the joinder or intervention of additional parties."[7/]  28 U.S.C. § 1367(a); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005); *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540 (2002) (indicating that § 1367(a) overruled *Finley v. United States*, 490 U.S. 545 (1989), and authorizes "'federal courts to hear any

---

[7/]Section 1367(b) limits the broad grant of supplemental jurisdiction under § 1367(a) as it relates to claims by or against certain enumerated parties, but those limits expressly apply only to civil actions over "which the district courts have original jurisdiction founded solely on" diversity under § 1332. 28 U.S.C. § 1367(b); *see also Allapattah Servs.*, 545 U.S. at 560. Accordingly, § 1367(b) is inapplicable here because the court's original jurisdiction is based on a federal question under § 1331.  *See Palmer*, 22 F.3d at 1566 n. 9.

19

claim arising out of the same "transaction or occurrence" as a claim within federal jurisdiction, including claims, within federal question jurisdiction, that require the joinder of additional parties'" (quoting Report of Federal Courts Study Committee 47 (Apr. 2, 1990))); *Palmer v. Hospital Auth. of Randolph County*, 22 F.3d 1559, 1566-67 (11th Cir. 1994).  Finally, § 1367 "applies with equal force to cases removed to federal court as to cases initially filed there."  *Int'l College of Surgeons*, 522 U.S. at 165.

Thus, for § 1441(c) to apply, "[u]nder current understanding of the case-or-controversy requirement, ... the joined claim typically must be one that does not share a common nucleus of operative fact with the federal question claim and that the plaintiff would not ordinarily be expected to assert together with the federal question claim." Wright & Miller § 3722.3.  This broad test generally renders the "utility" of § 1441(c) "limited," because "[i]f a removable claim presents a federal question, claims related to that claim will usually be removable under § 1441(a)," with the federal claim providing a "foothold in the district court, and supplemental jurisdiction will provide the basis for subject matter jurisdiction over the state law claims."  16 J. Moore et al., *Moore's Fed. Prac.* (hereinafter "Moore's") § 107.14[6][c] (3d ed. 2015).  Rather, § 1441(c) will typically only "come into play when liberal state joinder rules permit a state court plaintiff to file

20

unrelated state claims together with federal claims ...." *Id.*

While this civil action includes federal claims under FDCPA, RESPA, and TILA, over which original jurisdiction exists, under the foregoing standards, it does not include any claims that are beyond the court's supplemental jurisdiction under § 1367 or that are made nonremovable by statute.  As it relates to supplemental jurisdiction, Penny's claims against Wells Fargo arising under both federal and state law are sufficiently related given that they all arise out of allegations that Wells Fargo engaged in wrongdoing in servicing Penny's mortgage loan, by declaring her in default, and foreclosing.  *See Hayes*, 592 F. App'x at 892; *Boone*, 447 F. App'x at 963.  Wells Fargo does not specifically dispute this.  Wells Fargo insists, however, that the claims against it are so unrelated to Fannie Mae's original ejectment claims against the Morrises that removal is authorized under § 1441(c).  The court disagrees.  Penny's federal and state-law claims against Wells Fargo are intertwined with Fannie Mae's ejectment action insofar as Penny's federal and state claims against Wells Fargo and her demands for declaratory relief are all designed to defeat Fannie Mae's ejectment action by undoing the foreclosure on the Morrises' home and the ensuing sale.  Such allows the ejectment action to be deemed part of the same case or controversy as the federal claims for purposes of § 1367.  *See Deutsche Bank*

*Trust Co. Americas v. Garst*, 989 F. Supp. 2d 1194, 1199 & n. 2 (N.D. Ala. 2013) (concluding that supplemental jurisdiction existed over original ejectment claims and other state-law claims based on borrower's FDCPA claims); *Legacy Community Fed. Credit Union v. Lyles*, No. 2:13-cv-1339-AKK, Doc. 17 (N.D. Ala. filed Sept. 27, 2013) (attached as Doc. 15-3 in the present case) (granting motion to remand, holding that § 1447(c) did not authorize removal because original ejectment claim was "necessarily intertwined" with borrower's FDCPA claim); *see also Hayes v. Bank of New York Mellon*, 2014 WL 3887922, at *2 (N.D. Ga. Aug. 6, 2014) (holding that all federal and state claims in action to set aside foreclosure sale "relate[d] to alleged wrongdoing during the closing of Plaintiffs' home loan, in the assignment of Plaintiffs' security deed, and in the events leading up to and including the foreclosure of their home, and are therefore part of the same case and controversy for the purposes of supplemental jurisdiction under 28 U.S.C. § 1367(a)"), *aff'd*, 592 F. App'x 891 (11th Cir. 2015); *Dauenhauer v. Bank of New York Mellon*, 562 F. App'x 473, 477 (6th Cir. 2014) (district court had removal jurisdiction based on FDCPA claim and had supplemental jurisdiction over state-law claims seeking damages and declaratory relief to prevent impending foreclosure); *Brown v. Morris*, 243 F. App'x 31, 35-36 (5th Cir. 2007) (district court had supplemental jurisdiction over mortgagee's

22

counterclaim for amount owed on note in borrower's action against mortgagee and its foreclosure attorney alleging violations of FDCPA and RESPA); *cf. Dunavant v. Sirote & Permutt, P.C.*, 603 F. App'x 737, 742-43 (11th Cir. 2015) (for purposes of *res judicata*, FDCPA claim based on publication of foreclosure notices arose out of same nucleus of operative fact as prior action seeking to enjoin foreclosure sale).  Because this civil action does not include any claims lying beyond the court's broad supplemental jurisdiction, § 1441(c) does not apply and cannot authorize the removal by Wells Fargo.

Admittedly, this result conflicts with *Bowling*, *supra*, which sanctioned a § 1441(c) removal under very similar, if not almost identical, material facts.  *See* 18 F. Supp. 3d at 1296-1300.  As here, the *Bowling* action was originally filed in Alabama state court as one for ejectment and was removed to this court after the defendant borrowers, represented by the same attorney as the Morrises here, asserted claims under FDCPA, RESPA, TILA, and state law against new parties associated with the servicing of the mortgage loan and a later foreclosure sale of the property.  Ultimately, United States District Judge Madeline Haikala ruled that, despite the amendments to § 1441(c) since *Carl Heck*, that subsection authorized the removal on the theory that § 1441(c)(1)(B) allows "new defendants [to] remove an entire action 'if the action would have been removable without the

inclusion of the' nonremovable claim."  18 F. Supp. 3d at 1296 (quoting that

provision).  In applying that formulation, the *Bowling* court allowed the removal

because it concluded that, had the borrowers sued only the new parties in a

separate state-court action, the new defendants could have removed that action to

federal court, based on original jurisdiction over FDCPA, TILA, and RESPA

claims, and supplemental jurisdiction over the state-law claims against them.  *See*

*id.*

  While the undersigned agrees with much of Judge Haikala's thoughtful

analysis in *Bowling* of these difficult and unsettled removal issues*,* her decision is,

of course, not binding, *see Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th

Cir. 1991), and the undersigned respectfully parts ways with her in the end as it

relates to the operation of the current § 1441(c).  In particular, *Bowling* appears to

posit that, if an action is not subject to removal initially but an original defendant

later adds a federal claim against a new party, § 1441(c) broadly authorizes that

new party to remove so long as, "if [one] disregards" the original claims that were

not themselves initially removable, "the balance of the action is removable."  18 F.

Supp. 3d at 1296.  The difficulties with that approach are twofold.  First, it would

appear to authorize removal under § 1441(c) without regard to whether the civil

action necessarily includes "a claim that is not within the original or supplemental

jurisdiction of the district courts or a claim that is made nonremovable by statute,"
as required by the plain language of § 1441(c)(1)(B).  As here, *Bowling* clearly did
not involve "any claim that is made nonremovable by statute."  Nor does the
*Bowling* opinion expressly address whether, for purposes of § 1367, the state-law
ejectment claims were part of the "same case or controversy" or shared a "common
nucleus of operative fact" with the federal claims against the new parties.  In fact,
the decision appears at least not to dispute specifically the recognition shared by
"all parties" there that the federal claims and the original ejectment claims were
"intertwined ... because the Bowlings' claims against the new defendants are
designed to defeat WGB's ejectment action by undoing the foreclosure on the
Bowlings' home."  *Bowling*, 18 F. Supp. 3d at 1298.

Second, *Bowling*'s approach of conditioning removability under § 1441(c)
upon whether the "balance of the action is removable" without regard to
previously asserted claims not themselves removable imposes no real limitation at
all.  That is so because § 1441(c) only applies to federal-question removals, and all
it generally ever takes to remove a civil action is the presence of a single claim
arising under federal law.[8/]  *See Schacht*, 524 U.S. at 386; *In re City of Mobile*, 75

---

[8/]There are exceptions to this principle, but they are limited.  Most notably, as alluded to in §
1441(c)(1)(B) itself, claims arising under a few federal laws are made nonremovable by statute.  *See*
28 U.S.C. §§ 1445(a), (b), and (d).  Also, other federal claims, such as those under the Magnuson-

F.3d 605, 607-08 (11th Cir. 1996).  Thus, whenever an original defendant asserts a federal claim against one or more new parties, that "balance" of the action would virtually *always* be removable if it were filed as a separate action.  As such, § 1441(c) would authorize removal nearly whenever an original defendant asserted a federal claim against a new party, and it would require consent to removal only by defendants to federal claims.  In this regard, it would generally be easier for such "new" defendants to remove than it would be for the original defendants themselves, who must typically secure the unanimous consent of all defendants to remove under § 1441(a), even when invoking federal-question jurisdiction.  There has long been disagreement over whether newly-added counter-defendants, third-party defendants, and cross-claimants have a right to remove under § 1441(c).  *See generally* Michael C. Massengale, *Riotous Uncertainty: A Quarrel with the "Commentators' Rule" Against Section 1441(c) Removal for Counterclaim, Cross-Claim, and Third-Party Defendants*, 75 Tex. L. Rev. 659 (1997).  However, no one has thought that such parties have a broader right to remove than do original defendants.

---

Moss Warranty Act, must meet an independent amount-in-controversy threshold to come within original jurisdiction so as to be removable.  *See* 15 U.S.C. § 2310(d)(3)(A); *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271-72 (11th Cir. 1998); *Matthews v. Fleetwood Homes of Ga.*, 92 F. Supp. 2d 1285, 1287-88 (S.D. Ala. 2000).

Although the court concludes that § 1441(c) does not apply, it is still conceivable that § 1441(a) could authorize removal by Wells Fargo.  However, the text of § 1441(a) only authorizes removal by "the defendant or the defendants," and it is undisputed that Wells Fargo is at least not an *original* defendant in this action.  Rather, the Morrises are the original defendants.  Wells Fargo, on the other hand, is most appropriately aligned as a counter-defendant, on the same side of the case with Fannie Mae.  *See Stude*, 346 U.S. at 580; *City of Vestavia Hills*, 676 F.3d at 1313-14.  That is, the primarily legal position and interest of both Wells Fargo and Fannie Mae is to vindicate the foreclosure sale and to deny any claims or arguments by the Morrises that would seek to derail it.

Wells Fargo points out that it was not a plaintiff in the state-court action, so it intimates that it might be considered a third-party defendant.  However, Wells Fargo does not qualify as a proper "third-party defendant" under either federal law or Alabama law.  Under the Federal Rules of Civil Procedure, "a defendant party may as third-party plaintiff" assert a claim against "a nonparty who is or may be liable to [the third-party plaintiff] for all or part of the claim against [the third-party plaintiff]."  FED. R. CIV. P. 14(a)(1).  The relevant language of Alabama's corresponding rule is the same.  *See* ALA. R. APP. P. 14(a).  Under the federal rule, "[i]mpleading, or third party practice, is only available when the third party

27

defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim." *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982); *see also Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975); *Majors v. American Nat. Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970). Penny's claims against Wells Fargo, unlike the third-party claim in *Carl Heck*, are not in the nature of indemnity, contribution, or subrogation, nor do they otherwise fit the mold of third-party claims permitted by either Federal or Alabama Rule 14. Rather, Wells Fargo is more in the nature of a newly-added counter-defendant under FED. R. CIV. P. 13(h) and FED. R. CIV. P. 20(a)(2).[9] *See, e.g., Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1358 n.11 (11th Cir. 2010).

Neither *Carl Heck* nor any other precedent binding in this circuit compels allowing a counter-defendant, even a newly-added one, to remove under § 1441(a). Even as it relates to third-party defendants, *Carl Heck* itself does not so much as cite § 1441(a). Instead, it addressed only former § 1441(c) and couched its rule allowing a third-party defendant to remove only in circumstances where its

---

[9] The court recognizes that the Morrises did not expressly identify Fannie Mae, the sole plaintiff in the ejectment action, as a defendant to any of the counterclaims. However, those counterclaims do demand, among other things, declaratory relief that would set aside the foreclosure sale, a claim to which Fannie Mae, the purchaser of the property and already a party to the litigation, would obviously be a necessary party. *See* FED. R. CIV. P. 19.

28

pleading "states a separate and independent claim." 622 F.2d at 136. As

previously observed, the Supreme Court has specifically held that the term

"defendant" in § 1441 does not encompass a defendant to a counterclaim, at least

not where that party was also a plaintiff. *Shamrock Oil & Gas*, 313 U.S. at 108-

09. Likewise, both the Supreme Court and the Eleventh Circuit have frequently

recognized that removal jurisdiction based on a federal claim is generally subject

to the "well-pleaded complaint" rule, under which a claim "arising under" federal

law must appear on the face of the plaintiff's complaint. *See Holmes Group, Inc.*

*v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002); *Jefferson*

*County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Rivet v. Regions Bank of La.*,

522 U.S. 470, 476-77 (1998); *Metropolitan Life*, 481 U.S. at 63; *Franchise Tax*

*Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S.

1, 9 (1983); *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir.

2011); *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006); *Kemp v.*

*IBM, Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). Given those pronouncements and

that removal statues are to be narrowly construed, the court concludes that Wells

Fargo is not a "defendant" entitled to remove under § 1441(a). *See Westwood*

*Apex v. Contreras*, 644 F.3d 799, 805-06 (9th Cir. 2011); *Palisades Collections*

*LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008); *Deutsche Bank Nat. Trust Co. v.*

*Baxter*, 969 F. Supp. 2d 1337, 1342 (N.D. Ala. 2013); *Moss Land & Mineral Corp. v. Fid. & Cas. Co. of N.Y.*, 2003 WL 21360803, at *3 (N.D. Ala. June 6, 2003).

## III.

Based on the foregoing, the court concludes that the removal in this case was not authorized by either 28 U.S.C. § 1441(a) or (c).  Accordingly, this court lacks removal jurisdiction, and the Morrises' motion to remand (Doc. 7) is due to be **GRANTED**.  A separate order of remand will be entered.

**DONE**, this 31st day of July, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge